PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS JAMES TATUM,<br><br>Defendant. | Case No: 1:20-cr-00255-DAD-BAM<br><br>**STIPULATION TO CONTINUE OCTOBER 27, 2021 STATUS CONFERENCE TO JANUARY 26, 2022; AND ORDER**<br><br>Ctrm:   8<br><br>Hon. Barbara A. McAuliffe |

     This case is set for an initial status conference on October 27, 2021. Dkt. 15. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the

2

prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Monica L. Bermudez, counsel for defendant Marcus James Tatum ("defendant"), that this action's **Wednesday, October 27, 2021 status conference be continued to Wednesday, January 26, 2022, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. Defendant was arraigned on May 28, 2021. Dkt. 4.  On this same date, the parties also filed a stipulation and proposed protective order regarding the production of unredacted discovery that includes confidential information about third parties. Dkt. 3.  On May 28, 2021, the court endorsed this stipulation by way of formal order. Dkt 7.  Defense counsel regarding this matter was appointed to represent defendant on June 4, 2021.  Dkt. 9.

3

2. Pursuant to the aforementioned protective order, the government produced discovery to the defense via USAFx on June 7, 2021.  Although the defense continues its review of this discovery, the parties nevertheless agreed that it would be prudent for the government to draft and present a plea offer to the defense for its review.  Counsel for the government believes a plea offer can be prepared and presented to the defense within the next few weeks.

3. At or near the completion of the defense's review of discovery, it may seek to analyze electronic evidence relevant to defendant's charges pursuant to Section 3509(m) of the Adam Walsh Act.  This evidence is located at the FBI's Bakersfield Office.  Counsel for the government will assist with any necessary logistics attendant to this review upon the defense's request.

4. Counsel for the defense is currently in trial regarding a matter docketed within the Kern County Superior Court.  Trial is expected to last until early November.  After the conclusion of this trial, the defense will be able to review the plea offer and conduct additional investigation and analysis of discovery relating to the same.  The parties estimate that a ninety (90) continuance of the October 27, 2021 status conference is necessary, however, in order to complete these analyses and future negotiations regarding a potential resolution to this case in advance of trial.  During this time counsel for the government will likewise search for potential supplemental discovery to produce.

5. The parties therefore stipulate that the period of time from October 27, 2021, through January 26, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  October 13, 2021                                PHILLIP A. TALBERT
                                                        Acting United States Attorney

                                                 By:   /s/ Brian W. Enos
                                                        Brian W. Enos
                                                        Assistant United States Attorney

4

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | | | (*As authorized 10/14/21*) |
| 3 | Dated: October 14, 2021 | By: | /s/ Monica L. Bermudez |
| 4 | | | Monica L. Bermudez, Esq.<br>Attorney for Defendant<br>Marcus James Tatum |

**O R D E R**

IT IS ORDERED that the status hearing currently set for October 27, 2021, at 1:00 pm is continued until **January 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from October 27, 2021, through January 26, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **October 14, 2021**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE