PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MARCUS JAMES TATUM,<br><br>                    Defendant. | Case No: 1:20-cr-00255-DAD-BAM<br><br>**STIPULATION TO CONTINUE JULY 13, 2022 STATUS CONFERENCE TO SEPTEMBER 14, 2022; ORDER**<br><br>Ctrm:    8<br><br>Hon. Barbara A. McAuliffe |

    This case is set for a status conference on July 13, 2022. Dkt. 25. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

1

request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

2

1   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
2   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
3   natural disasters, or other emergencies, this Court has discretion to order a continuance in such
4   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
5   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
6   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*
7   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
8   following the September 11, 2001 terrorist attacks and the resultant public emergency).
9   The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the
10  prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-
11  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
12  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL
13  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is
14  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked
15  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a
16  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness
17  of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6)
18  whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and
19  (7) whether the district court has the ability to safely conduct a trial.  *Id*.
20  In light of the foregoing, this Court should consider the following case-specific facts in finding
21  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)
22  (Local Code T4).  If continued, this Court should designate a new date for this matter's next status
23  conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
24  continuance must be "specifically limited in time").

25  **STIPULATION**
26  THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant
27  United States Attorney Brian W. Enos, counsel for the government, and Monica L. Bermudez, counsel
28

for defendant Marcus James Tatum ("defendant"), that this action's **Wednesday, July 13, 2022 status conference be continued to Wednesday, September 14, 2022, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. Defendant was arraigned on May 28, 2021. Dkt. 4. On this same date, the parties also filed a stipulation and proposed protective order regarding the production of unredacted discovery that includes confidential information about third parties. Dkt. 3. On May 28, 2021, the court endorsed this stipulation by way of formal order. Dkt 7. Defense counsel regarding this matter was appointed to represent defendant on June 4, 2021. Dkt. 9.

2. Pursuant to the aforementioned protective order, the government produced discovery to the defense on June 7, 2021, which includes not just paper discovery but also voluminous data contained in certain electronic devices. Although the defense continues its review of this discovery, the parties nevertheless agreed that it would be prudent for the government to draft and present a plea offer to the defense for its review. Counsel for the government delivered a draft plea agreement to the defense in April 2022.

   a. Since this time, defense counsel has analyzed this draft agreement in detail with defendant. Counsel for the parties have also discussed its terms, which resulted in the government providing the defense with two alternatives regarding the scope of the term-of-incarceration range by which the parties could argue to the district court at sentencing. Defense counsel has discussed these alternatives in-depth with defendant. While the defense believes there is a fair chance that the parties will be able to resolve this matter short of trial, more time is needed with defendant to determine the extent such a resolution will materialize.

3. The defense has analyzed discovery provided in this case. Electronic evidence relevant to the charges in this case is located at the FBI's Bakersfield office. If the defense determines that it needs to further analyze electronic evidence relevant to defendant's charges pursuant to Section 3509(m) of the Adam Walsh Act, counsel for the government will assist with the

4

logistics attendant to such a review.

4. The parties anticipate that they will be prepared to set a trial date, or alternatively a change of plea date, by the continued status conference on September 14, 2022.

5. The parties therefore stipulate that the period of time from July 13, 2022, through September 14, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: July 6, 2022   PHILLIP A. TALBERT
United States Attorney

By: /s/ Brian W. Enos
Brian W. Enos
Assistant United States Attorney

(*As authorized 7/6/22*)

Dated: July 6, 2022   By: /s/ Monica L. Bermudez
Monica L. Bermudez, Esq.
Attorney for Defendant
Marcus James Tatum

### ORDER

IT IS SO ORDERED that the status conference is continued from July 13, 2022, to **September 14, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

IT IS SO ORDERED.

Dated:   **July 6, 2022**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE