1  PHILLIP A. TALBERT
   United States Attorney
2  BRIAN W. ENOS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, Ca 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,            Case No: 1:20-cr-00255-ADA-BAM

12                     Plaintiff,        **STIPULATION TO: (1) VACATE MARCH 8,**
                                         **2023 STATUS CONFERENCE; (2) SET**
13                                       **JANUARY 16, 2024 TRIAL CONFIRMATION**
                                         **HEARING; AND (3) SET JANUARY 30, 2024**
14                     v.                **TRIAL DATE; ORDER**

15

16  MARCUS JAMES TATUM,                  Ctrm:    8

17                     Defendant.        Hon. Barbara A. McAuliffe

18

19

20        THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United

21  States Attorney, Brian W. Enos, on behalf of the government, and Monica L. Bermudez, Esq., on behalf

22  of defendant Marcus James Tatum ("Tatum"), that this action's: (1) March 8, 2023 status conference be

23  vacated; (2) trial confirmation hearing be set for Tuesday, January 16, 2024; and (3) trial date be set for

24  Tuesday, January 30, 2024.

25        This case is set for a status conference on Wednesday, March 8, 2023.  Dkt. 35.  On May 13,

26  2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of

27  California "until further notice."  Under General Order 618, a judge "may exercise his or her authority to

28                                    1

1  continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General

2  Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

3  discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

4  by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

5  request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

6  will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

7  previous General Orders were entered to address public health concerns related to COVID-19.

8       On May 26, 2021, and in part "given the progress in vaccination programs and the resulting

9  lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and

10  death due to COVID-19", this Court issued General Order 631.  Within General Order 631, this Court:

11  (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold

12  proceedings over which that Judge presides in person in a courtroom or by telephone or

13  videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or

14  video conference . . . [the Court] continues to authorize the use of telephone or video conference with a

15  defendant's consent."  General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021).  The court's above

16  protocols were recently extended through March 16, 2023.  General Order 656 (E.D. Cal. December 18,

17  2022).

18       Although the General Orders address the district-wide health concern, the Supreme Court has

19  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

20  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

21  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

22  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

23  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

24  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

25  or in writing").

26       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

27  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

28

1    justice continuances are excludable only if "the judge granted such continuance on the basis of his

2    findings that the ends of justice served by taking such action outweigh the best interest of the public and

3    the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

4    unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

5    the ends of justice served by the granting of such continuance outweigh the best interests of the public

6    and the defendant in a speedy trial." *Id.*

7         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

8    T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

9    natural disasters, or other emergencies, this Court has discretion to order a continuance in such

10    circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

11    following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

12    recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

13    *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

14    following the September 11, 2001 terrorist attacks and the resultant public emergency).

15         The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the

16    prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

17    exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

18    continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

19    1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

20    detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

21    speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

22    population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

23    of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6)

24    whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and

25    (7) whether the district court has the ability to safely conduct a trial.  *Id*.

26         In light of the foregoing, this Court should consider the following case-specific facts in finding

27    excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

28   

1    (Local Code T4).  If continued, this Court should designate a new date for this matter's next status

2    conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

3    continuance must be "specifically limited in time").

**STIPULATION**

5         The parties base this stipulation on good cause and therefore ask the court to endorse this

6    stipulation by way of formal order.  Specifically,

7         1.  Defendant was arraigned on May 28, 2021, pursuant to the grand jury's returning an

8             indictment alleging one count of receipt and distribution of child pornography, in violation of

9             18 U. S.C. § 2522(a)(2).  Dkts. 1 and 4.  On February 21, 2023, the court issued a minute

10            order, advising the parties of: (1) the pending status conference on March 8, 2023, (2) the

11            parties' ability to "stipulate to a continuance of the status conference, with an appropriate

12            exclusion of time", and (3) their need to set a trial date at the continued status conference if

13            the matter is not resolved by that date.  Dkt. 35.

14        2.  As set forth in prior stipulations submitted to the court, the parties have engaged in in-depth

15            communications about a potential resolution of this case for many months.  These efforts

16            have led to the preparation and delivery of alternative draft plea agreements, and have

17            involved defense counsel's extensive discussions of these drafts with Mr. Tatum.

18            Notwithstanding these efforts, the parties believe at this time that this matter will not resolve

19            in advance of trial and therefore a trial date should be set.

20        3.  The parties have since analyzed their respective calendars, met and conferred about both a

21            trial confirmation hearing and trial date, and cleared these dates with chambers of Courtroom

22            1.  In light of these efforts, the parties ask the court to endorse their stipulation to set the trial

23            confirmation to take place at 8:30am on Tuesday, January 16, 2024, in Courtroom 1, and

24            further set trial to commence at 8:30am on Tuesday, January 30, 2024, likewise in

25            Courtroom 1.  The parties estimate that trial should be completed within 3-4 full days.

26        4.  The parties continue to be engaged in plea negotiations, and are hopeful that an agreement

27            might be reached that will eliminate the need for trial.  If this matter is not resolved prior to

28                                                    4

1    trial, however, defense counsel will need additional time to investigate the case including

2    potential defenses, hire and interact with experts, review electronic evidence in accord with

3    18 U.S.C. § 3509 of the Adam Walsh Act, contact potential witnesses, complete its review of

4    discovery and supplemental discovery, and communicate with Mr. Tatum.  Counsel for the

5    government will ensure that any additional information that it locates and should be produced

6    pursuant to Rule 16 is indeed identified and produced.

7    5.  The parties identified the January 30, 2024, trial date in light of their analyses of relevant trial

8        calendars, as well as agent and other witness availability.

9    6.  Counsel for defendant believes that failure to grant the above-requested continuance would

10       deny him the reasonable time necessary for effective preparation, taking into account the

11       exercise of due diligence.

12   7.  The parties therefore stipulate that the period of time from March 8, 2023, through January

13       30, 2024 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i)

14       and (iv) because it results from a continuance granted by the Court at the parties' request on

15       the basis of the Court's finding that the ends of justice served by taking such action outweigh

16       the best interest of the public and the defendant in a speedy trial.

17   IT IS SO STIPULATED.

18

19   Dated:  February 24, 2023                    PHILLIP A. TALBERT
                                                   United States Attorney
20

21                                          By:   /s/ Brian W. Enos
                                                   Brian W. Enos
22                                                 Assistant United States Attorney

23

24                                                 (*As authorized 2/24/23*)

25   Dated: February 24, 2023          By:   /s/ Monica L. Bermudez
                                              Monica L. Bermudez
26                                            Attorney for Defendant
                                              Marcus James Tatum
27

28
                                          5

**O R D E R**

IT IS ORDERED that

    (1) the status hearing currently set for Wednesday, March 8, 2023, in Courtroom 8 is vacated;

    (2) a trial confirmation hearing is set to be heard on **Tuesday, January 16, 2024, at 8:30 a.m. in Courtroom 1 before District Judge Ana de Alba**; and

    (3) trial is set to commence on **Tuesday, January 30, 2024, at 8:30 a.m. in Courtroom 1 before District Judge Ana de Alba**.

IT IS FURTHER ORDERED THAT the period of time from March 8, 2023 through January 30, 2024 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 27, 2023**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE