UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MARCUS JAMES TATUM,<br>Defendant. | No. 1:20-cr-00255-TLN-EPG<br><br>**ORDER** |

This matter is before the Court on Defendant Marcus James Tatum's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 70), Motion to Reduce Restitution (ECF No. 72), and Motion to Stay Restitution (ECF No. 74). The Government filed an opposition. (ECF No. 81.) For the reasons set forth below, Defendant's motions are DENIED.

On December 11, 2023, Defendant pled guilty to one count of receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). (ECF No. 46.) As part of his plea agreement with the Government, Defendant agreed to waive his right to appeal or collaterally attack his conviction or sentence, including through "a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (ECF No. 41 at 11.)

The following language appears in the plea agreement directly above the Defendant's

signature:

> I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

(ECF No. 41 at 13-14.)

This Court imposed sentence on July 29, 2024, ordering Defendant to serve 151 months in custody, pay $45,000 in restitution, and remain on supervised release for 120 months after his release from custody. (ECF No. 63.)

Defendant filed the instant Motion to Vacate on July 25, 2025, arguing: (1) that his attorney had not reviewed the Presentence Report ("PSR") with him prior to his plea, (2) his attorney did not "give [him]" electronic communications between himself and an undercover detective which had been turned over by the government in discovery,[1] and (3) it "took two years to get discovery." (ECF No. 70 at 1–7.) Defendant also sent a letter addressed to the Court on October 30, 2025, requesting the Court reduce the amount of his restitution or enter an order staying his obligation to remit payment while incarcerated because "[his] mother is the only one that helps [him] with money and she is on limited income and [can't] afford to pay [his] restitution payments." (ECF No. 72.) On January 20, 2026, he sent another letter addressed to the magistrate judge assigned to this matter, making similar arguments and seeking substantially the same relief. (ECF No. 74.)

In opposition, the Government argues: Defendant waived his right to appeal or collaterally attack his conviction and sentence; there is no proper basis to invalidate that waiver; and Defendant has failed to demonstrate counsel's performance was below the standard of care or that

---

[1] The Government argues that, pursuant to a protective order in the case, counsel was not permitted to turn over possession of the records or any copies of the records to Defendant. (ECF No. 81 at 8.) For the reasons set forth below, the Court finds that Defendant waived any ineffective assistance of counsel claim relating to this issue, and that even if the Court could reach the merits of that claim, it is flatly contradicted by Defendant's own statements under oath affirming that he was satisfied with his counsel's representation.

he suffered any prejudice.[2] (ECF No. 81.)

"A defendant's waiver of his [right to post-conviction relief] is enforceable if (1) the language of the waiver encompasses his right to [relief] on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). Courts "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Id.*

Thus, as a threshold matter, the plea agreement between Defendant and the Government plainly and unequivocally bars Defendant from pursuing the relief he requests. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (upholding waiver of right to bring ineffective assistance of counsel claim under 28 U.S.C. § 2255 unrelated to entry of plea itself); *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (finding plain language of plea bargain waived defendant's right to bring habeas petition challenging validity of sentence). While the Ninth Circuit has expressed doubts that "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain," Defendant does not make any argument that his counsel's allegedly deficient performance induced him to sign the plea bargain. *Pruitt*, 32 F.3d at 433; (ECF No. 70 at 1–7.)

Even if the Court could reach the merits of Defendant's claim, it would nevertheless fail. Ineffective assistance of counsel claims require proving two elements — objectively deficient performance by defense counsel and prejudice, both of which are necessary elements of the claim. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671–72 (9th Cir. 2002). As the Government points out, Defendant stated on the record during his change of plea hearing that he was "fully satisfied with the representation given to [him] in this case by [his] attorney" and

---

[2] The Government also argues that Defendant is procedurally barred from raising the instant claims due to his failure to appeal on those grounds. (ECF No. 81 at 5.) Because the Court concludes that the waiver in Defendant's plea bargain is enforceable and applicable to his claims, and that his ineffective assistance of counsel claims would fail on the merit regardless, it need not address this additional argument.

"received and read a copy of the presentence report and . . . had the opportunity to go over it with [his attorney] in detail." (ECF No. 81-1 at 7; ECF No. 81-2 at 3.) Indeed, Defendant clarified, on the record, that the report he reviewed was the PSR. (ECF No. 81-2 at 2-4.)

Further, even under the liberal construction afforded *pro se* pleadings, the Court can discern no argument in Defendant's motions that counsel's allegedly deficient performance (assuming it rose to the high bar of ineffective assistance) caused prejudice. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Defendant does not allege, much less prove, that he would not have accepted the guilty plea but for counsel's unprofessional errors. (ECF No. 70 at 1–7.)

There is no additional legal basis identified in Defendant's letters to the Court which would warrant a reduction or stay of restitution. (ECF Nos. 72, 74.)

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 70), Motion to Reduce Restitution (ECF No. 72), and Motion to Stay Restitution (ECF No. 74) are DENIED.

IT IS SO ORDERED.

Date: July 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE